# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:18-CV-256

| | |
|---|---|
| KRISTINA PHILBRICK-MORRISON,<br><br>**Plaintiff,**<br><br>v.<br><br>ANDREW M. SAUL, Commissioner, Social Security Administration,[1]<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Kristina Philbrick-Morrison's Motion for Summary Judgment (Doc. No. 12) and Defendant's Motion for Summary Judgment (Doc. No. 16). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision regarding her application for Supplemental Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court finds that Defendant's decision to deny Plaintiff's Social Security benefits is not supported by substantial evidence. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

# I. BACKGROUND

Mr. Philbrick-Morrison protectively filed her application for SSI on November 19, 2014. (Tr. at 12).[2] She alleged that she had been suffering from several physical and mental impairments.[3] (Tr. at 188). Her application was initially denied on April 10, 2015 and again upon reconsideration on August 26, 2015. (Doc. No. 17 at 2; Tr. at 1-5). A hearing was held on April 19, 2019 before an Administrative Law Judge ("ALJ"). (Tr. at 12). In the ALJ's decision, he ultimately concluded that Ms. Philbrick-Morrison was not disabled under 1614(a)(3)(A) of the Social Security Act and denied her application in a decision dated June 6, 2017. (Tr. 12-27). The Appeals Council denied her request for review of the ALJ's decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Philbrick-Morrison has requested judicial review.

For the reasons stated below, the Court reverses the decision of the Commissioner and remands this matter for further proceedings consistent with this Order.

## II. THE COMMISIONER'S DECISION

At step one, the ALJ concluded that Ms. Philbrick-Morrison had not engaged in substantial gainful activity since the alleged onset date and filing date of November 19, 2014.[4] (Tr. at 14).

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[3] These alleged impairments were dissociative disorder NOS, panic disorder, attention deficit hyperactivity disorder combined type, head injuries received during multiple car accidents, fibromyalgia, asthma, obesity, osteoarthritis in her neck, back, and knees, sleep apnea, and dyslexia.

[4] The ALJ followed the required five-step sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any

At step two, the ALJ concluded that she has the severe impairments of dissociative disorder, panic disorder, attention deficit hyperactivity disorder, depression, chronic pain in her neck, back, and knees, chronic obstructive pulmonary disease, and obesity. (Tr. at 14). At step three, the ALJ concluded that her severe impairments did not meet or medically equal the listed impairments of 20 C.F.R. § 404, Subpart P, app. 1 at 12.04, 12.06, or 12.08. (Tr. at 15). In assessing whether Ms. Philbrick's impairments met or medically equaled the listed impairments, the ALJ found that she had moderate limitation with regard to concentrating, persisting, or maintaining pace. (Tr. at 16). As a prerequisite to step four, the ALJ concluded that Ms. Philbrick-Morrison had the residual functional capacity ("RFC") to perform sedentary work,

> except occasional climbing ramps and stairs, balancing, stooping, kneeling, and crouching; no climbing of ropes, ladders or scaffolds; no crawling; and avoiding concentrated exposure to hazards and vibrations. She can perform simple, routine, repetitive work that requires only occasional interaction with the general public.

(Tr. at 17). In the RFC assessment, the ALJ considered the opinions of several clinicians and doctors. (Tr. at 17-25). The ALJ also considered Ms. Philbrick-Morrison's own testimony regarding her symptoms. (Tr. at 17). The ALJ concluded at step four that she is unable to perform any past relevant work. (Tr. at 25). At step five, the ALJ concluded that there are jobs existing in significant numbers in the national economy that she can perform, rendering her ineligible for SSI. (Tr. at 25). The vocational expert ("VE") testified that she would be able to perform jobs such as pace worker, stuffer, and hand packer.[5] (Tr. at 50). The Appeals Council denied review and Ms. Philbrick-Morrison appealed to this Court pursuant to 42 U.S.C. § 405(g). (Tr. at 1-5).

---

other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) & 404.1520(a)-(g).

[5] Defendant Commissioner has abandoned the argument that pace worker (described as "bench worker" in the ALJ's decision (Tr. at 26)) and hand packer are available jobs because the Commissioner could not find these jobs in the *Dictionary of Occupational Titles*. (Doc. No. 17 at 6 n.6). Defendant's arguments, therefore, pertain solely to the job of stuffer.

## III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. This is true even if the reviewing court

disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Ms. Philbrick-Morrison argues that the ALJ violated the standards articulated in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), when conducting her RFC assessment. (Doc. No. 13 at 14). Specifically, she argues that the ALJ's determination that "[s]he can perform simple, routine, repetitive work that requires only occasional interaction with the general public" does not address the ALJ's finding of moderate limitation in concentration, persistence, and pace. (Doc. No. 13 at 14-19; Tr. at 17).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96-8p. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.*

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. *See* 20 C.F.R. §§404.1512(c) & 416.912(c); *see also, e.g.*, *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); *Plummer v. Astrue*, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing *Stormo*), *adopted*, 2012 WL 1858844 (May 22, 2102), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

5

In *Mascio*, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

Furthermore, the *Mascio* Court "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)); *see also* SSR 96-8p (explaining that the mental RFC evaluation before steps 4 and 5 "requires a more detailed assessment by itemizing various functions" than the assessment under step 2). This is because "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.*

Here, the ALJ determined Ms. Philbrick-Morrison's was limited to "simple, routine, repetitive work that requires only occasional interaction with the general public" in the RFC determination. (Tr. at 17). Even if this portion of the RFC assessment was supported by substantial evidence, limitations to work with simple, routine, repetitive work, without more, "does not account for a claimant's limitation in concentration, persistence [or] pace." *Mascio*, 780 F.3d at 638 (internal quotation marks omitted). *See also Parham v. Colvin*, No. 1:15-CV-063-GCM-DCK (W.D.N.C. August 8, 2016), *Kittrell v. Colvin*, No. 5:14-cv-163-RJC (W.D.N.C. March 6, 2016), *Newton v. Colvin*, No. 3:14-cv-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015); *Scruggs v. Colvin*, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *4-5 (W.D.N.C. May 13,

2015). The ALJ's additional determination that she is limited to work requiring only occasional interaction with the public does not render the assessment sufficient under *Mascio*: "[p]erhaps the ALJ can explain why [Plaintiff's] . . . limitation in concentration, persistence, or pace . . . does not translate into a limitation in [her] residual functional capacity . . . . But because the ALJ here gave no explanation, a remand is in order." *Id.* (citation omitted).

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Ms. Philbrick-Morrison's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

Because remand is required on this issue, the Court finds it unnecessary to discuss Ms. Philbrick-Morrison's other arguments on appeal.

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 16) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[6]

---

[6] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).

**SO ORDERED**.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge